PER CURIAM.
Appellants instituted an action in the Circuit Court of Monroe County, Florida, in opposition to the petition of appellee for probate of the will of appellants’ father and for the appointment of administratrix cum testamento annexo. It was appellants’ contention that their father lacked the requisite testamentary capacity to execute a valid will and that the will was executed as a result of undue influence exercised over him by his nephew, Joseph L. Brennan, now deceased.
Upon a full hearing on the disputed issues of law and fact, the trial court entered the following order which is being appealed:
“THIS CAUSE coming on to be heard this day upon the petition of KATHRYN AMANDA BRENNAN praying for an order admitting to probate the Last Will and Testament of Publio L. Carbonell, deceased, and further upon petition of Kathryn Amanda Brennan for an order appointing her as administratrix cum tes-tamento annexo of said decedent’s Last Will and Testament, and upon Answer and Caveat in opposition to petition for probate of Will, and in opposition to appointment of Kathryn Amanda Brennan as administratrix cum testamento an-nexo, brought by Francesca Carbonell and Michael Carbonell, daughter and son of the said decedent, respectively, and it appearing to the Court, after due and regular notice to the parties, upon adversary proceedings, from the evidence submitted as follows:
“(a) That Publio L. Carbonell, a legal resident of the City of Key West, County of Monroe and State of Florida, departed this life on or about the third day of September, 1975, leaving a Last Will and Testament attested by Robert T. Feldman and Sheila R. Anderson as attesting witnesses, and sworn to by the testator and acknowledged before Dorothy M. Bransford, Notary Public, State of Florida at Large, and that proof of the said execution has been made as. required by law, and
“(b) That the document presented to this Court for probate as the Last Will and Testament of the decedent Publio L. Carbonell was properly executed and is entitled to be admitted to probate and record, and
“(c) That the evidence presented to this Court by Respondents/Caveators, Francesca Carbonell and Michael Car-bonell, and on their behalf, is insufficient to overcome the presumption that the testator was in possession of his faculties at the time of his execution of the said Last Will and Testament, to-wit: on the 5th day of June, 1975, and
“(d) That Joseph L. Brennan, the executor nominated in and by the said Last Will and Testament of Publio L. Carbonell, predeceased the testator, leaving him surviving four (4) minor children who are blood kindred of the testator Publio L. Carbonell, deceased, which said children are entitled to take the property of decedent devised and bequeathed to their father by the said Publio L. Carbonell, deceased; and the said Joseph L. Brennan left him surviving a spouse, to-wit: Kathryn Amanda Brennan, who is the natural mother and sole natural guardian of the decedent Joseph L. Brennan’s minor children, and
“(e) Under the provisions of Section 733.301, Florida Statutes, petitioner Kathryn Amanda Brennan is entitled to preference to be appointed personal *102 representative in the estate of Publio L. Carbonell, deceased,
“Now, Therefore, it is
“ADJUDGED that the Will bearing date the 5th day of June, 1975, and attested by Robert T. Feldman and Sheila R. Anderson as subscribing and attesting witnesses, is admitted to probate according to law as and for the Last Will and Testament of the decedent, and it is further
“ADJUDGED that Kathryn Amanda Brennan is appointed personal representative of the estate of the decedent, and that upon taking the prescribed oath, filing designation of resident agent and acceptance, and entering into bond to be approved by this Court in the sum of $10,000.00, Letters of Administration cum testamento annexo shall be issued for said estate.
“ORDERED this 5th day of October, A.D. 1976.”
This court has carefully considered the contentions presented by the appellants in the light of the record on appeal and briefs and concludes that no reversible error has been shown. The findings of the trial court are supported by competent substantial evidence, and in our view the trial court properly ruled upon the legal questions involved.
Affirmed.